LEHAN, Judge.
We reverse the conviction of defendant, James David Harrison, for armed robbery. *1140 We agree with his contention that the trial court erred in denying his motion to suppress his fingerprints which were obtained during his detention by a police officer at the police station.
The officer stopped the station wagon which defendant was driving because the passenger in the vehicle met the description of a robbery suspect for which a warrant had been issued. The robbery had been committed six days earlier by two men. The officer had information that the robbery suspect had associated with a man named Dave who drove a station wagon. Defendant’s general description was similar to that of the co-perpetrator of the robbery. The officer took defendant to the police station where he was fingerprinted. It was determined that his fingerprints matched those found in the robbery. Upon being confronted with that matching of fingerprints, defendant confessed to his part in the robbery and was arrested.
Prearrest fingerprinting is authorized when the following three-part test of Hayes v. Florida, 470 U.S. 811, 105 S.Ct. 1643, 84 L.Ed.2d 705 (1985), is fulfilled:
[T]he Fourth Amendment would permit seizures for the purpose of fingerprinting, if there is reasonable suspicion that the suspect has committed a criminal act, if there is a reasonable basis for believing that fingerprinting will establish or negate the suspect’s connection with that crime, and if the procedure is carried out with dispatch.
470 U.S. at 817, 105 S.Ct. at 1647, 84 L.Ed. 2d at 711. See also Hayes v. State, 488 So.2d 77 (Fla. 2d DCA 1986). While we conclude that the first two parts of that test were fulfilled in this case, we also conclude that the third part and a qualification placed by the Supreme Court in Hayes on the third part were not fulfilled.
At the suppression hearing, the officer testified that at the police station, before being confronted with the matching of fingerprints, defendant had been placed in handcuffs, was under “custodial detention,” and was not free to leave. Hayes is clear that such a detention is sufficiently like an arrest to require probable cause:
There is no doubt that at some point in the investigative process, police procedures can qualitatively and quantitatively be so intrusive with respect to a suspect’s freedom of movement and privacy interests as to trigger the full protection of the Fourth and Fourteenth Amendments. And our view continues to be that the line is crossed when the police, without probable cause or a warrant, forcibly remove a person from his home or other place in which he is entitled to be and transport him to the police station, where he is detained, although briefly, for investigative purposes. We adhere to the view that such seizures, at least where not under judicial supervision, are sufficiently like arrests to invoke the traditional rule that arrests may constitutionally be made only on probable cause.
470 U.S. at 815-16,105 S.Ct. at 1646-47, 84 L.Ed.2d at 709, 710 (citations omitted). Thus, under Hayes any detention at a police station for investigative purposes requires probable cause and without probable cause could never qualify under the third part of the foregoing test. There admittedly having been no probable cause to arrest until after the matching of the fingerprints, the fingerprints must be suppressed. Also, the detention, encompassing approximately two hours while the officer went to lunch until the time the fingerprints were matched, was not accomplished with dispatch.
This appeal is also from the trial court’s failure to grant the motion to suppress the confession. The confession grew out of the detention and fingerprinting and should also have been suppressed.
Reversed and remanded for proceedings consistent herewith.
SCHOONOVER, A.C.J., and FRANK, J., concur.